**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jellycat Toy Company, Ltd., formerly known as Manhattan Toy Company, Ltd.,

Plaintiff,

v.

H Enterprises International, Inc., and Manhattan Group, LLC, a wholly-owned subsidiary of H Enterprises International, Inc.,

Defendants.

Civil No. 00-775 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

David K. Tellekson, Esq., and Matthew J. Goggin, Esq., Merchant & Gould, 3100 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402, appeared on behalf of the Plaintiff.

Edward J. Pluimer, Esq., Dorsey & Whitney, Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, appeared on behalf of the Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on May 12, 2000, pursuant to Plaintiff's Motion to Consolidate this action with *H Enterprises International, Inc., et al. v. Manhattan Toy Co. Ltd., et al.* (File No. 99-CV-259 DWF/AJB). For the reasons set forth below, Plaintiff's motion is denied.

## Background

Both this action and *H Enterprises International, Inc., et al. v. Manhattan Toy Co. Ltd., et al.* (File No. 99-CV-259 DWF/AJB) ("the Trident action") arise out of a dispute over royalties, trademarks, and copyrights associated with the sales of certain toys, specifically a number of dolls and stuffed animals (or "plush toys").

FILED MAY 25 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant H Enterprises ("Trident") is a U.S. corporation which produces, distributes, and markets toys in the U.S. Plaintiff Jellycat's predecessor, Manhattan Toy Company, Ltd. ("Manhattan"), is a British corporation which produces, distributes, and markets toys in Britain and Europe. In 1994, Trident entered into an exclusive licensing agreement with Manhattan whereby Manhattan secured the exclusive rights to distribute Trident's plush toys (soft dolls and stuffed animals) in Britain and the European Community. The licensing agreement further provided for certain royalties to be paid to Trident. Over the course of the two corporations' involvement, there was significant exchange of ideas related to toy designs.

In 1998, the relationship between the parties deteriorated. Ultimately, Trident brought an action for breach of contract against Manhattan, alleging that Manhattan owed Trident royalties for the sale of a number of soft toys. Trident also asserted a claim for tortious interference with contract against an individual named Thomas Gatacre. Manhattan asserted counterclaims for breach of the licencing agreement, tortious interference with contract, and copyright infringement. Specifically, Manhattan claimed that Trident violated Manhattan's copyright rights in a line of dolls called "Raggedy Babes" by Manhattan and "Groovy Girls" by Trident and in a line of plush toys called "TipToes" by Trident.

In the context of the Trident action, this Court entered a preliminary injunction against Trident, enjoining Trident from selling certain of the Groovy Girls and TipToes plush toys. After the effective date of the injunction, Trident modified the designs of the Groovy Girls and began distributing the "revised dolls" in January of 2000. Trident informs the Court that yet another version of the dolls is scheduled to go on the market in July of this year.

In December of 1999, in the context of the Trident action, Manhattan brought a motion to compel discovery with respect to the newer versions of the Groovy Girls. Magistrate Judge Arthur Boylan denied that motion to compel.

On March 28, 2000, Manhattan (now "Jellycat") brought this action ("the Jellycat action") against Trident for copyright infringement with respect to the new versions of the Groovy Girls which have been sold since January of 2000. Trident has brought a counterclaim against Jellycat alleging, *inter alia*, violation of trademark rights in the name "Manhattan Toys."

Jellycat brings this motion to consolidate the Jellycat action with the Trident action. Trident objects to consolidation on the grounds that the two actions do not involve common questions of law or fact. Trident further notes that it is currently encumbered by an injunction in the Trident action, which is scheduled for trial on July 25, 2000; consolidation of the two cases would necessarily delay that trial date and work a serious hardship on Trident.

**Discussion**

**1. Standard of Review**

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The decision to consolidate is within the sound discretion of the trial court. *See EPA v. City of Green Forest, Arkansas*, 921 F.2d 1394, 1402 (8th Cir. 1990). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

**2. Common Questions of Law or Fact**

Jellycat contends that this action and the Trident action present common questions of both law and fact sufficient to warrant consolidation. The Court disagrees. The issues in the Trident action involve: (1) whether Manhattan granted an irrevocable implied license to Trident to sell the copyrighted plush toys; (2) the obligations of Trident to Manhattan under the licensing agreement; and (3) interpretation of the royalties provision of the licensing agreement. In the Trident action, Trident admits that the dolls and soft toys at issue were made pursuant to Manhattan designs. This action, in contrast, involves interpretation of the trademark provision of the licensing agreement and a question of whether certain new Trident designs infringe the Manhattan copyrights.

It is true that a finding of an irrevocable implied license in the Trident action would render the copyright infringement claims in the Jellycat action moot. It is also true that both actions will involve many of the same witnesses. However, the Court determines that the overlap in factual and legal issues is actually quite minimal.

**3. Inefficiency, Inconvenience, or Unfair Prejudice**

Even if the Court were inclined to consolidate the actions on the basis of common questions of law and/or fact, the Court would not do so because consolidation would result in inefficiency and unfair prejudice to Trident.

If the Trident action were in its early stages, consolidation would perhaps be more efficient for both parties. Specifically, to the extent that there is significant overlap in the anticipated witnesses for both actions, consolidation would allow the parties to depose those witnesses only once. In fact, however, the discovery in the Trident action is closed; the witnesses would be deposed twice whether there is consolidation or not. What is more, given the

possibility that resolution of the Trident action might moot some of the Jellycat action claims, some of those second depositions might actually be avoided if the Court *does not* consolidate the actions. Given that the parties and witnesses are on two continents, any reduction in the number of depositions would result in considerable cost savings.

More importantly, however, Trident is currently encumbered by an injunction in the Trident action. A delay in the trial date for the Trident action would mean an extension of the time in which Trident is enjoined, perhaps (depending upon the outcome of the trial) unnecessarily. Jellycat contends that consolidation would not result in a postponement of the July 25, 2000, trial date for the Trident action and that the additional discovery could easily be completed in the next two months. However, rushing what would appear to be significant additional discovery and curtailing trial preparation could only result in prejudice to Trident (and perhaps Manhattan/Jellycat as well).

In short, the Court finds that what little efficiency the Court itself might gain from consolidation is overwhelmed by an even greater loss of efficiency for the parties as well as a risk of great prejudice to Trident.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Consolidation (Doc. No. 5) is **DENIED.**

Dated: May 25th, 2000

DONOVAN W. FRANK
Judge of United States District Court