UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

JELLYCAT TOY COMPANY LTD., f/k/a THE MANHATTAN TOY COMPANY, LTD.,

Plaintiff,

v.

H ENTERPRISES INTERNATIONAL, INC. and MANHATTAN GROUP, L.L.C., (a wholly-owned subsidiary of H Enterprises, International, Inc.

Defendants.

Court File No: 00-CV-775 DWF/AJB

**AGREED PROTECTIVE ORDER**

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, or by any third party producing documents pursuant to subpoena duces tecum, whether it be a document, information contained in a

FILED NOV 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a party or non-party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. "Qualified Persons," as used herein means:

(a) attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) the named parties, their present and former employees, in-house and outside counsel representing the named parties, and any support staff assisting counsel in this litigation;

(c) the Court and any persons employed by the Court whose duties require access to such materials;

(d) independent technical experts and consultants. Before disclosing any information subject to the restrictions of this Protective Order to actual or potential independent technical experts or consultants, however, counsel shall advise each such person of the existence of this Protective Order and secure from each a signed certificate stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby and agrees to be subject to the jurisdiction of this Court for any

proceedings relative to this Protective Order. As to those independent technical experts and consultants expected to testify, counsel shall provide a copy of a signed certification from each to opposing counsel within five business days of retention or disclosure, whichever shall occur later; as to those independent technical experts and consultants not expected to testify, counsel shall maintain in a separate file signed certifications from each (and such certifications need not be disclosed absent a showing of good cause);

(e) any person who a party or his counsel reasonably believes has prior knowledge of the information in the material;

(f) any person who authored the material or previously received the information in the ordinary course of business;

(g) court reporters and other persons involved in recording deposition testimony in this action by any means; and

(h) if this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties, or by any non-party producing documents pursuant to subpoena duces tecum, as "Confidential" or "Attorneys' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only."

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation or (b) the deposition of a non-party (which information pertains to a party) may be designated by any party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order. A non-party may similarly designate as "Confidential" or "Attorneys' Eyes Only" information disclosed at the deposition of that non-party.

Any party may also designate information disclosed at such deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all of the parties in writing within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. A non-party may similarly designate as "Confidential" or "Attorneys' Eyes Only" information disclosed at the deposition of that non-party. Each party or non-party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of twenty (20) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only," with blank, consecutively numbered pages being provided in a non-designated main transcript. The

separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a), (c) and (d) above.

(b) Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff and Defendants. Copies of any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons described in Paragraph 3(d) above shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents which are delivered to any one or more Qualified Person described in Paragraph 6(a) above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents unintentionally produced without designation as "Confidential" or "Attorneys' Eyes Only" may be retroactively designated in

the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing party.

Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which party produced such information.

8. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only" and seeks to have the information reclassified as non-confidential, or from "Attorneys' Eyes Only" to "Confidential," or disagrees with the designation of any person as a Qualified Person, the

parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies or the reclassification from one category to another. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

9. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "Attorneys' Eyes Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Attorneys' Eyes Only" information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or"Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "Attorneys' Eyes Only" information by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

14. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, upon written request, any document and all reproductions

of documents produced by a party in the possession of any of the persons qualified under Paragraph 3 shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "Attorneys' Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using (a) its own documents and information which that party produces or discloses in this action, or (b) any matter produced or disclosed in this action not subject to this Protective Order and not designated as "Confidential" or "Attorneys' Eyes Only."

17. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order and may designate documents or deposition testimony as "Confidential" or "Attorneys' Eyes Only" in the manner, and subject to the same protections, set forth above.

18. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

STIPULATED AND AGREED TO:

Dated: ~~May~~ November 16, 2000

MERCHANT & GOULD

By Matthew Goggin

David K. Tellekson (#173836)
Matthew J. Goggin (#210705)
90 South Seventh Street, Suite 3100
Minneapolis, MN 55402-4131
Telephone: 612-336-4612
Fax: 612-332-9081

Attorneys for Plaintiffs

Dated: May 12, 2000

DORSEY & WHITNEY LLP

By [signature]

Edward J. Pluimer (#87208)
Mark Kaster (#159517)
Sarah M. Thier (#288561)
Pillsbury Center South, Suite 1300
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: 612-340-2600
Telefax: 612-340-8800

Attorneys for Defendant

SIGNED AND ENTERED this 17th day of November, 2000.

[signature]

UNITED STATES ~~DISTRICT~~ / MAGISTRATE JUDGE

NOV 17 2000

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.